```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
CHRISTOPHER U. HALL
                                *
     Plaintiff,                 *
v.                              *    CIVIL NO.: WDQ-04-02846

ROGER J. SULLIVAN, et al.

     Defendants.                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

In this diversity action, Christopher U. Hall has sued Roger J. Sullivan, Esq., DiPaula & Sullivan, LLC, Mark Devan, Esq., and Covahey, Boozer, Devan & Doore, LLC, for legal malpractice and breach of contract under Maryland law. Pending is Defendants' motion to dismiss Hall's breach of contract claim for failure to state a claim. For the following reasons, Defendants' motion to dismiss will be denied.

BACKGROUND

In 1998, Hall retained the Defendants to represent him in purchasing a Smoothie King franchise. For tax and liability purposes, the Defendants recommended that Hall become an investor rather than a franchisee. The Defendants

1

assured Hall that as an investor his interests would be fully protected and if necessary or desired, Hall could eventually become a franchisee. In reliance upon Sullivan's representations, Hall signed a retainer agreement. From the outset, Hall instructed the Defendants to draft agreements that would guarantee his ability to become the franchisee of record. In response, the Defendants drafted a series of documents and assured Hall that these contracts fully protected his interests.

In 2001, a dispute arose between Hall and Smoothie King, and Hall was unable to sue because he was not a franchisee. Hall claims that the Defendants' failure to protect his interests is a breach of contract which resulted in $17 million in damages. On September 2, 2004, Hall filed this suit.

## ANALYSIS

A.  Motion to Dismiss

1.  Standard of Review

A Fed.R.Civ.P. 12 (b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), *(citing Hishon v. King & Spalding*, 467 U.S. 69, 73

(1984)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Raj Matkari*, et. al., 7 F.3d 1130, 1134 (4th Cir. 1993).  If any possible basis for relief has been pled, the Court must deny the motion to dismiss. *Garland v. St. Louis*, 596 F.2d 784 (8th Cir. 1979), *cert. denied*, 444 U.S. 899 (1979); *Swierkiewicz*, 534 U.S. at 514.

    2.    Legal Malpractice Based Upon Breach of Contract

The Defendants contend that Hall's breach of contract claim is duplicative of its legal malpractice claim and therefore should be dismissed.  Specifically, the Defendants note that both claims allege incompetent representation as the proximate cause for Hall's injuries.  Hall counters that he has sufficiently alleged facts supporting breach of contract as a separate cause of action.

In Maryland, legal malpractice may give rise to an action for breach of contract in cases involving employment of an attorney to perform a specific service in accordance with clearly stated instructions from the client.  *Fishow v. Simpson*, 55 Md. App. 312, 318 (1983).  When a client instructs an attorney to adopt a particular theory and the attorney

3

fails to do so an action for breach of contract exists. *Id.* at 317. Hall alleges that he instructed the Defendants to draft agreements that would enable him to become a franchisee. Hall also alleges that he retained the Defendants based upon their representation that he could become a franchisee. Moreover, he claims that the Defendants guaranteed that these agreements fully protected his interests. As Hall has alleged that the Defendants' representation involved a specific rather than general undertaking, the Defendants' motion to dismiss will be denied.   *See McLister v. Epstein & Lawrence, P.C.*, 934 P.2d 844, 847 (Colo.1996)(finding no breach of contract where attorney-client contract did not include an undertaking to perform a specific act or achieve a particular result); *Brownell v. Garber*, 503 N.W.2d 81, 84 (Mich. 1992) (finding no breach of contract where the plaintiff failed to allege that defendant guaranteed a certain result).

CONCLUSION

For the reasons discussed above, the Defendants' motion to dismiss will be denied.

<u>January 18, 2005</u>                         <u>      /s/                      </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge