UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

CHRISTOPHER U. HALL
59 Cobblestone Court
Martinsburg, West Virginia 25401

Plaintiff,

v.

Case Number: WDQ-04-CV-2846

ROGER J. SULLIVAN,
34 South Main Street
Bel Air, Maryland 21014,

MARK DEVAN,
606 Baltimore Avenue, Suite 302,
Towson, Maryland 21204,

COVAHEY, BOOZER, DEVAN & DORE, LLC, 606 Baltimore Avenue, Suite 302
Towson, Maryland 21204, and

DiPAULA & SULLIVAN, LLC,
34 South Main Street
Bel Air, Maryland 21014,

Defendants.

**SODEXHO, INC.'S MOTION FOR ORDER QUASHING SUBPOENA**

Pursuant to Federal Rule of Civil Procedure 45, Sodexho, Inc. ("Sodexho"), by and through its undersigned counsel, moves for an order quashing plaintiff Christopher Hall's subpoena served on Sodexho. This Court should quash Plaintiff's subpoena because it: (i) seeks documents containing confidential information, including Sodexho's trade secrets and other development and commercial information; (ii) seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and the discovery of which would

unduly burden Sodexho; (iii) was not properly served; and (iii) fails to allow a reasonable time for compliance.

Because Plaintiff's Subpoena does not comply with the requirements of Fed. R. Civ. P. 45 and seeks confidential information unrelated to the dispute before this Court, Sodexho, Inc. requests that the Court issue an Order quashing the Subpoena issued by Plaintiff to Sodexho.

Respectfully submitted,

Dated : January 27, 2005

By: Ericka L. Kleiman (MLL)

Ericka L. Kleiman
Goodell DeVries Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4000
Fed. Bar #26929

Of Counsel:

Kimberly Toomey
WIGGIN AND DANA LLP
Quaker Park
1001 Hector Street, Suite 240
Conshohocken, PA 19428
(610) 834-2400
Attorney for Sodexho, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

CHRISTOPHER U. HALL
59 Cobblestone Court
Martinsburg, West Virginia 25401

Plaintiff,

v.

Case Number: WDQ-04-CV-2846

ROGER J. SULLIVAN,
34 South Main Street
Bel Air, Maryland 21014,

MARK DEVAN,
606 Baltimore Avenue, Suite 302,
Towson, Maryland 21204,

COVAHEY, BOOZER, DEVAN &
DORE, LLC, 606 Baltimore Avenue,
Suite 302,
Towson, Maryland 21204, and

DiPAULA & SULLIVAN, LLC,
34 South Main Street
Bel Air, Maryland 21014,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF SODEXHO, INC.'s MOTION FOR ORDER QUASHING SUBPOENA**

## I. Introduction

Petitioner Sodexho Inc. ("Sodexho"), a corporation headquartered in Gaithersburg, Maryland, is a leading provider of food and facilities management services in North America. Sodexho employs over 100,000 people and offers a range of outsourcing solutions to the corporate, healthcare, and education markets, including food services, housekeeping,

groundskeeping, plant operations and maintenance, and integrated facilities management. In some instances, Sodexho enters into business relationships with franchisors to allow Sodexho to offer the franchisors' branded concepts to customers at its clients' facilities.

On January 15, 2005, Plaintiff purported to serve a subpoena *duces tecum* on Sodexho by sending it by overnight mail to Sodexho's headquarters in Gaithersburg. The subpoena was addressed to the Custodian of Records and provided Sodexho 10 days to produce nine broad categories of documents. The Subpoena requests financial, operational, and contractual documents, as well as all correspondence relating to Sodexho's dealings with Smoothie King Franchises, Inc. (a franchisor of a fruit smoothie concept), the University of South Carolina (a Sodexho client), Plaintiff's former business associate, Ryan Beck, and their corporation, Rybek, Inc.. A copy of the Subpoena is attached as Exhibit "A."

The Subpoena does not, however, comply with the requirements of Fed. R. Civ. P. 45 because it was not properly served and did not provide adequate time to produce the information sought. Moreover, upon information and belief (and based on Mr. Hall's previous threatening correspondence to Sodexho), the Subpoena is intended simply for the improper purpose of placing an undue burden on Sodexho and harassing the company. The Subpoena also seeks confidential and proprietary information, including Sodexho's profits, sales and other competitive information, which Sodexho should not be required to provide without some showing of relevance and some protection over the information.

## II. Facts

As stated, Sodexho provides food service and facility management services to clients in the healthcare, corporate, military and education markets. Part of Sodexho's services includes

the management of a client's food service operations and the provision of certain nationally or regionally branded restaurant concepts through licensing or franchise relationships.

In 2002, Sodexho began receiving demand letters from plaintiff's former counsel, Roger Sullivan, seeking payment of $17 million in damages Plaintiff claimed to suffer as a result of Sodexho's alleged use of SKFI's trademarks. A copy of Mr. Sullivan's September 3, 2002 letter to Sodexho is attached as Exhibit "B". As Sodexho understands the relationship, Plaintiff is an individual who assisted a South Carolina Smoothie King franchisee, Ryan Beck, in financing his franchise. On behalf of Plaintiff, Mr. Sullivan threatened to sue Sodexho for $17 million because he claimed that Sodexho's unexecuted plans to place a Smoothie King at its client's facility at USC violated the South Carolina franchisee's rights. Sodexho never placed a Smoothie King franchise at USC.

Sodexho's counsel responded to Mr. Sullivan's September 3, 2002 letter, advising him that Mr. Hall did not appear to have any claim, that he had no standing to assert trademark claims based on SKFI's trademarks and that Sodexho had abandoned its discussions about developing a Smoothie King franchise at USC. A copy of Sodexho's counsel's September 23, 2002 letter to Mr. Sullivan is attached as Exhibit "C". Based on the facts outlined in its counsel's letter, Sodexho considered the matter closed.

Notwithstanding Sodexho's response, plaintiff continued to threaten Sodexho with a $200 million lawsuit unless Sodexho paid him $17 million or bought the South Carolina Smoothie King franchise (which was not in fact owned by Mr. Hall). Plaintiff corresponded directly with Sodexho's in-house counsel and purported to be acting on behalf of his former associate, Mr. Beck. In a May 5, 2003 letter to Sodexho, Plaintiff (apparently without the assistance of counsel) again demanded $17 million from Sodexho and also threatened to appear

before Congress to testify about Sodexho's conduct and alleged "anti-American wrongful acts" (as a way of threatening Sodexho's military contracts with the U.S. government). A copy of Mr. Hall's May 5, 2003 letter is attached as Exhibit "D". While Sodexho viewed Plaintiffs' correspondence as a baseless rant, it contacted Mr. Sullivan by letter and asked him to restrain and advise his client of the consequences of continuing to make baseless threats to Sodexho. A copy of Sodexho's counsel's May 20, 2003 letter to Mr. Sullivan is attached as Exhibit "E".

In June 2003, Plaintiff purported to submit a request under the South Carolina Freedom of Information Act to USC asking for all the projected sales related to Sodexho's food services contract with USC. Upon information and belief, USC did not release the requested information to Plaintiff because it contained Sodexho's trade secrets, which was exempt from disclosure.

In October and November 2003, Plaintiff sent an e-mail and a letter to Sodexho's counsel, seeking information and suggesting that Sodexho could avoid a lawsuit if it implicated SKFI in some nefarious activity. By this time, Plaintiff's communications had become so erratic and ludicrous that Sodexho no longer wished to respond to them. Copies of the October and November correspondence are attached as Exhibit "F".

Sodexho then received the attached Subpoena on or about January 16, 2005 from Plaintiff's new counsel. The Subpoena, which Sodexho views as another attempt by Plaintiff to harass the company and to conduct a fishing expedition into Sodexho's financial affairs and relationships, seeks nine broad categories of information, covering Sodexho's relationship with its client USC, with Smoothie King, and with Mr. Beck. The volume of documents requested is extensive and Sodexho considers the material sought highly confidential and proprietary. In the extremely competitive market of food service and facility management services, information regarding Sodexho's profits, sales, bids and its relationships (and the terms of those

relationships) with its clients or franchisors is strictly guarded. By way of example, the Subpoena asks for, among many other things, all documents related to (1) the profits and sales derived by Sodexho at the USC food court; (2) the bid proposal submitted to USC; and (3) Sodexho's negotiated agreements with SKFI. The materials responsive to these requests contain Sodexho's confidential financial and competitive information to which Plaintiff is not entitled.

Although Sodexho's counsel asked Plaintiff's counsel for an extension of time to review the Subpoena before responding, Plaintiff's counsel indicated that he would grant an extension to produce some of the documents sought in the Subpoena on the condition that Sodexho agreed to produce its sales and profit information immediately. When Sodexho's counsel advised that Sodexho was not convinced that it should produce any documents and that it intended to file a Motion to Quash, the parties did not reach an agreement on an extension.

Based on Plaintiff's previous conduct and the lack of any basis for the information requested, as well as Plaintiff's failure to comply with Fed. R. Civ. P. 45, Sodexho requests that the Court quash the Subpoena.

## II. Argument

Under Fed. R. Civ. P. 45(c)(A), the Court by which a subpoena was issued shall quash the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iii) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(A). Moreover, if a subpoena requires disclosure of a trade secret or other confidential research, development or commercial information, the Court may, to protect a person subject to the subpoena, quash the subpoena. Fed. R. Civ. P. 45(c)(B). A party or an

attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. Fed. R. Civ. P. 45(c). If that duty is breached, the Court shall impose on that party or attorney an appropriate sanction, including but not limited to, lost earnings and a reasonable attorney's fees. Finally, Fed. R. Civ. P. 45 requires that a subpoena be personally served on the party to which it is addressed in order to be valid.

Plaintiff's Subpoena should be quashed because: (i) it was not personally served on Sodexho; (ii) twelve days notice seeking disclosure of such a voluminous amount of documents is unreasonable and unduly burdensome; (iii) it seeks documents containing confidential and proprietary information, including Sodexho's pricing and other competitive information; and (iv) it seeks an overly broad scope of documents that are irrelevant and immaterial to Plaintiff's dispute with Defendants.

**A. Service Was Not Proper**

The Subpoena provides that it was served by Plaintiff's counsel by Federal Express. Under Fed. R. Civ. P. 45(b), subpoenas are to be served by delivering a copy thereof to the person named on the subpoena. While the courts are split on whether Rule 45(b) requires personal service, courts in this District have construed the word "delivering" literally, requiring personal service and invalidating subpoenas that are served by other means. *See Benford v. American Broadcasting Co., Inc.*, 98 F.R.D. 40 (D.Md.1983); *see also FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson*, 636 F.2d 1300, 1324 (D.C. Cir. 1980) (personal service required under Rule 45); *Chima v. U.S. Dept. of Defense*, 23 Fed. Appx. 721 (9th Cir. 2001) (witnesses not compelled to comply with subpoena where subpoenas were served by mail rather than by personal service). Here, Plaintiff served the Subpoena on Plaintiff by mail via federal express,

which is insufficient to constitute service and renders the Subpoena invalid. Because the Subpoena was improperly served, Plaintiff's Subpoena should be quashed.

**B. Plaintiff Failed to Provide a Reasonable Time to Comply with the Subpoena**

When a party fails to provide a reasonable time to comply with its Subpoena, a Court is empowered under Fed. R. Civ. P. 45 to quash the subpoena. In this case, Plaintiff provided approximately 10 days for Sodexho to produce documents relating to the following categories:

- all sales and profit information for the smoothie outlet(s) at USC since 2002;
- all sales and profit information for the food service operations in the food court at USC since 2002;
- all documents identifying the business hours of any smoothie outlets in the food court at USC;
- all documents related to Ryan Beck, Rybek or Christopher Hall;
- all contracts, drafts of contracts or other documents reflecting terms between Ryan Beck, Rybeck or Christopher Hall and Sodexho for the operation of a smoothie outlet at USC;
- all documents relating to the negotiation of any contract between SKFI and Sodexho to place a Smoothie King franchise at USC;
- all documents relating to the negotiation of any contract between SKFI and Sodexho to place a Smoothie King franchise on any campus serviced by Sodexho;
- all documents relating to any dispute between Hall, Beck or Rybek, on one hand, and Sodexho or SKFI, on the other;

- all documents related to USC's request for proposal for food service contracts; and
- all documents related to any dispute between Hall, Beck or Rybek, on one hand, and Sodexho or SKFI, on the other related to the ownership or operation of smoothie outlets on USC's campus.

In ten days, Sodexho has not had the opportunity to gather the documents requested, even if they weren't otherwise objectionable. Given the volume of the requests and the documents requested, ten days is simply not sufficient time to produce the documents Plaintiff seeks. As a result, Sodexho requests the Court to quash the Subpoena.

### C. **The Information Sought Is Confidential**

As a general matter, contractual, operational and financial documents between Sodexho and its clients contain confidential and proprietary information, which, if disclosed, could have a negative effect on Sodexho ability to compete in its market. The documents sought contain a broad range of confidential business information, including profit margins, management analyses, bid proposals and information designed to maximize Sodexho's competitiveness in the market. This protected information is provided only to individuals who are authorized to use that information by virtue of an employment or other contractual relationship with Sodexho. Even in its contractual relationships, Sodexho refuses to disclose any financial information to another party unless the information is directly related to the basis of the parties' relationship. In those instances, the other party agrees to maintain Sodexho's information in the strictest confidence.

As stated, Rule 45 authorizes a court to quash a subpoena that seeks confidential or proprietary information. Sodexho has taken steps to protect its financial and competitive

information from becoming public. Sodexho considers confidentiality of this information critical to its continued success in the competitive market of food service management. Plaintiff should not be permitted to review this highly confidential information based only on its naked allegations of some wrongdoing on Sodexho's part. Because Plaintiff seeks Sodexho's highly confidential information, Sodexho asks this Court to quash the Subpoena under Fed. R. Civ. P. 45.

**D.     The Subpoena Seeks Irrelevant Information and Is Intended Only to Harass Sodexho**

As a final (and perhaps the most important) matter, the documents identified in the Subpoena are immaterial and irrelevant to Plaintiff's dispute with Defendants. At the center of Plaintiff's claims are Defendants' actions and omissions in representing Plaintiff with respect to certain agreements between Plaintiff, Ryan Beck and Rybek. Plaintiff's alleged intent in entering into those agreements was to secure his interests in the franchise relationship between Ryan Beck, Rybek, Inc. and SKFI. Sodexho's contractual relationship with its clients and/or SKFI are simply not relevant to whether Defendants committed legal malpractice. In addition, to the extent that the Complaint alleges a claim based on Sodexho's decision not to install a Smoothie King franchise at USC, the documents attached to this motion establish that Sodexho decided to abandon its plan to install a franchise for reasons unrelated to Plaintiff's baseless claims.

Finally, based on Plaintiff's history in threatening and attempting to intimidate Sodexho, Sodexho believes that this Subpoena is intended only to harass Sodexho, to place an undue burden on the company to produce documents that have absolutely nothing to do with any potential claim Plaintiff claims he had or could have had against Sodexho, and to conduct a fishing expedition to contrive another basis upon which to pursue some claim against Sodexho.

Plaintiff's past conduct clearly suggests ulterior (and harassing) motives for delivering the Subpoena to Sodexho. As a result, Sodexho does not believe that it should be required to comply with it.

Because the Subpoena seeks irrelevant information and appears to be intended only to further harass Sodexho, Sodexho requests that this Court quash the Subpoena.

## III. Conclusion

For the foregoing reasons, Sodexho respectfully requests that this Court quash Plaintiff's Subpoena and award Sodexho all reasonable attorneys' fees incurred as a result of it being required to present this Motion.

By: Ericka L. Kleiman (MLC)
Ericka L. Kleiman
Goodell DeVries Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4000
Fed. Bar #26929

Of Counsel:

Kimberly Toomey
WIGGIN AND DANA LLP
Quaker Park
1001 Hector Street, Suite 240
Conshohocken, PA 19428
(610) 834-2400
Attorneys for Sodexho, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

CHRISTOPHER U. HALL
59 Cobblestone Court
Martinsburg, West Virginia 25401

Plaintiff,

v.

ROGER J. SULLIVAN,
34 South Main Street
Bel Air, Maryland 21014,

MARK DEVAN,
606 Baltimore Avenue, Suite 302,
Towson, Maryland 21204,

COVAHEY, BOOZER, DEVAN & DORE, LLC, 606 Baltimore Avenue, Suite 302
Towson, Maryland 21204, and

DiPAULA & SULLIVAN, LLC,
34 South Main Street
Bel Air, Maryland 21014,

Defendants.

Case Number: WDQ-04-CV-2846

**ORDER**

**AND NOW**, this day of , 2005, upon consideration of Sodexho, Inc.'s Motion for Order Quashing Subpoena, Plaintiff's opposition and all supporting papers, it is hereby **ORDERED** that Sodexho's Motion is **GRANTED** and Plaintiff's Subpoena **QUASHED**.

**BY THE COURT:**

______________________________ **J.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of January, 2005, that copies of Sodexho, Inc.'s Motion for Order Quashing Subpoena were mailed, first class, postage prepaid, to:

Michael Coyle, Esq.
The Law Offices of Michael Coyle
9650 Santiago Road, Suite 8
Columbia, MD 21045
*Attorneys for Plaintiff*

Kathleen Howard Meredith, Esq.
Stephan Y. Brennan
Iliff and Meredith PC
Patriots Plaza
8055 Ritchie Hwy., Suite 201 to 203
Pasadena, MD 21122

Kimberly S. Toomey, Esq.
Wiggin and Dana LLP
1001 Hector Street, Suite 240
Conshohocken, PA 19428

Ericka L. Kleiman